14-3838-ag (L)
NLRB v. Dover Hospitality Services

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
          REENA RAGGI,
          PETER W. HALL,
                    *Circuit Judges*.

----------------------------------------------------------------------

NATIONAL LABOR RELATIONS BOARD,
                    *Petitioner*,

          v.                                      No. 14-3838-ag (L)
                                                  No. 14-4305-ag (C)

DOVER HOSPITALITY SERVICES, INC., AKA Dover Caterers, Inc., AKA Dover College Services, Inc.,
                    *Respondent*.

----------------------------------------------------------------------

FOR PETITIONER:              Kira Dellinger Vol, Supervisory Attorney; Jared Cantor, Attorney; Jennifer Abruzzo, Deputy General Counsel; John H. Ferguson, Associate General Counsel; and Linda Dreeben, Deputy Associate General Counsel, *for* Richard F. Griffin, Jr., General Counsel, National Labor Relations Board, Washington, D.C.

1

FOR RESPONDENT: Jeffery A. Meyer and David A. Tauster, Kaufman Dolowich & Voluck LLP, Woodbury, New York.

Consolidated petitions to enforce two orders of the National Labor Relations Board dated September 30, 2014 (Chairman Pearce and Members Miscimarra and Hirozawa), and November 5, 2014 (Chairman Pearce and Members Schiffer and Miscimarra).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petitions of the National Labor Relations Board are GRANTED.

The National Labor Relations Board ("NLRB") petitions for enforcement of two orders directing respondent Dover Hospitality Services, Inc. ("Dover") to furnish Local 1102, Retail, Wholesale & Department Store Union, UFCW ("the Union") with relevant requested information. See Dover Hosp. Servs., 361 N.L.R.B. 60 (2014) ("Dover I"); Dover Hosp. Servs., 361 N.L.R.B. 90 (2014) ("Dover II").[1] Dover contends that it was not obligated to supply such information, but, in any event, had done so, thus rendering the petitions moot.[2] In considering the petition, we defer to the Board's factual findings where they are supported by substantial evidence, and we review mixed questions of law

---

[1] The NLRB originally issued the relevant orders on July 12, 2012, and May 31, 2013, but the orders were invalidated by the Supreme Court's decision in NLRB v. Noel Canning, 134 S. Ct. 2550 (2014), before being considered anew and readopted by validly constituted three-member panels. See Dover I, 361 N.L.R.B. 60, at *1 (citing Dover Hosp. Servs., 358 N.L.R.B. 84 (2012)); Dover II, 361 N.L.R.B. 90, at *1 (citing Dover Hosp. Servs., 359 N.L.R.B. 126 (2013)).

[2] Dover further asserts that the petitions for enforcement are frivolous within the meaning of Fed. R. App. P. 38, and seeks reimbursement of attorneys' fees. Because we grant the petitions, we deny the request for attorneys' fees.

2

and fact <u>de novo</u> while deferring "to the Board's decision when there appears to be more than one reasonable resolution and the Board has adopted one of these." <u>Sheridan Manor Nursing Home, Inc. v. NLRB</u>, 225 F.3d 248, 252 (2d Cir. 2000). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to grant the petitions.

1.      <u>Dover's Obligation To Provide Information</u>

Where an employer has asserted an "inability"—as opposed to an unwillingness—to pay union demands, "the union is entitled to receive financial information in order to substantiate the employer's claims." <u>Stroehmann Bakeries, Inc. v. NLRB</u>, 95 F.3d 218, 222 (2d Cir. 1996); <u>cf.</u> <u>SDBC Holdings, Inc. v. NLRB</u>, 711 F.3d 281, 288 (2d Cir. 2013) (contrasting unwillingness to meet union's demands with professed inability to do so). Here, substantial evidence, in the form of "mutually corroborative" and "unrebutted" testimony by two Union representatives and a Dover employee, supports the NLRB's finding that Dover asserted inability to pay rather than unwillingness. <u>Dover Hosp. Servs.</u>, 358 N.L.R.B. 84, at *5 (2012). Even if Dover identifies certain discrepancies in that testimony, we will not overturn the NLRB's factual findings when they are "based on the ALJ's assessment of the credibility of witnesses . . . unless they are hopelessly incredible or they flatly contradict either the law of nature or undisputed documentary testimony." <u>Kinney Drugs, Inc. v. NLRB</u>, 74 F.3d 1419, 1427 (2d Cir. 1996) (internal quotation marks omitted). The record here permits no such conclusion.

3

Accordingly, we find that the Union's demands for financial information were supported by Dover's assertions of inability to pay.[3]

2.    Mootness

The Union requested several financial documents and information on certain "also known as" entities.   Dover does not contest that it provided only some of the requested documents to the Board's regional office—rather than to the Union—13 months after the request for production.   Even if these actions constituted compliance, that would not render the petition moot.   See Independent Emps. Ass'n of Neptune Meter Co. v. NLRB, 158 F.2d 448, 456 (2d Cir. 1946) (citing NLRB v. Pa. Greyhound Lines, 303 U.S. 261, 271 (1938) ("But an order of the character made by the Board, lawful when made, does not become moot because it is obeyed or because changing circumstances indicate that the need for it may be less than when made.")); see also NLRB v. Plumbers Union of Nassau Cty., Local 457, 299 F.2d 497, 501 (2d Cir. 1962); accord NLRB v. Allied Med. Transp., Inc., 805 F.3d 1000, 1006 (11th Cir. 2015); Armster v. U.S. Dist. Court for Cent. Dist. of Cal, 806 F.2d 1347, 1356 (9th Cir. 1986).   In fact, however, the Board has twice held that Dover did not sufficiently comply with the Union's request and, accordingly, issued orders

---

[3]  The NLRB contends that Dover waived its argument that it never asserted inability to pay by failing to raise it in proceedings before the NLRB.  See 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.").  Because we have not been provided with the complete record of Dover's briefs below by the Board, we cannot confidently identify waiver.  We do not pursue the point because we reject Dover's argument on the merits.

4

with which Dover has indisputably not complied.  See Dover I, 361 N.L.R.B. 60; Dover II, 361 N.L.R.B. 90.  Dover's partial and belated compliance does not, therefore, moot these petitions.

3.      Conclusion

We have considered all of Dover's remaining arguments and conclude that they are without merit.  Accordingly, the petitions for enforcement of the NLRB's orders are GRANTED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5